UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                          CASE NO: 2:16-cr-104-FtM-38CM

THURNAL GLOVER, JR.

**ORDER**[1]

This matter comes before the Court on Defendant Thurnal Glover, Jr.'s Motion for Order to Transfer Petitioner into Federal Custody filed on June 26, 2018. (Doc. 117). Defendant moves the Court to transfer him from state custody to federal custody. The Government has filed a Response in Opposition on July 19, 2018. (Doc. 118). Thus, the motion is ripe for review.

A federal grand jury indicted Defendant on September 14, 2016, for conspiracy to commit armed bank robbery (Count One) and armed bank robbery (Count Two). At that time, Defendant was serving a 60-month term of imprisonment imposed in state case no. 14-CF-00463 to "run Concurrent with Federal Sentence." The Government thus issued a Writ of Habeas Corpus Ad Prosequendum to obtain Defendant's presence on the federal Indictment. (Doc. 5; Doc. 8). Defendant later pled to the charges in the Indictment and was sentenced to 60 months on Count One and 90 months on Count Two to run

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

concurrently. Defendant was then returned to state custody to serve the rest of his state-imposed term of imprisonment.

After considering the parties' briefs, the Court concurs with the Government. A prisoner's federal sentence does not begin to run until he is turned over to federal authorities after having served his state sentence. *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980).[2] This Court, therefore, does not have authority to direct Defendant be transferred to a federal facility until he has completed his state-imposed term of incarceration.

Accordingly, it is now

**ORDERED:**

Defendant Thurnal Glover, Jr.'s Motion for Order to Transfer Petitioner into Federal Custody (Doc. 117) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on this 8th day of August 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record

---

[2] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981.