UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:16-cr-104-FTM-38CM

THURNAL GLOVER, JR.
_____/

## **OPINION AND ORDER**[1]

Before the Court is *pro se* Defendant Thurnal Glover, Jr.'s Motion to Correct the Denial of Order to Transfer the Defendant into Federal Custody filed on August 1, 2019. (Doc. 123). The Government has not responded, and the time to respond has lapsed.

A federal grand jury indicted Glover for conspiracy to commit armed bank robbery and armed bank robbery. Because Glover was in state custody when indicted, the Court issued a Writ of Habeas Corpus Ad Prosequendum for him. (Doc. 8). Almost five months later, the Court accepted Glover's guilty plea. On May 9, 2017, the Court sentenced him to "60 Months as to Count 1 and 90 Months as Count 2, to run concurrently." (Doc. 100 at 2). He was then returned to state custody. And a month later, the state court revoked his probation and sentenced him to sixty months imprisonment "concurrent with federal sentence." (Doc. 118-2). Because the state obtained custody of Glover first, he started the state sentence with a federal detainer. (Doc. 118).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink stops working or directs the user to some other site does not affect the opinion of the Court.

About a year after his state sentence, Glover moved to be transferred to the Bureau of Prisons from state custody to serve his federal sentence. (Doc. 118). The Court denied the motion because it lacked authority to direct Glover to be transferred to a federal facility until he completed his state-imposed imprisonment. (Doc. 120).

Another year has passed. And Glover wants the Court to reconsider its decision. He says the Court's prior order was incorrect in stating he was serving a 60-month state sentence when he was federally indicted. (Doc. 123). Glover asserts the Court must have received bad information because the state court did not sentence him until after the undersigned did.

Glover is correct that the Court's prior order mistakenly states the state court sentenced him before the Indictment here. But the misstatement does not change the analysis. Glover was first in state custody on the charge for which he is now serving his state sentence, and there was no break in his state custody before the Writ. Because Glover was brought into federal custody on the Writ, the state retained priority over Glover's custody status. In other words, the Writ did not disrupt Florida's primary custody over him. See *Butler v. Warden,* 451 F. App'x 811, 812 (11th Cir. 2011) ("[W]hen the federal government takes possession of a state prisoner pursuant to a writ of habeas corpus ad prosequendum, the state's custody is not interrupted, and thus the prisoner's federal sentence does not begin to run until he is turned over to federal authorities after having served his state sentence."); *Causey v. Civiletti,* 621 F.2d 691, 693 (5th Cir. 1980)[2] ("A writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner to another

---

[2] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981.

jurisdiction for criminal proceedings in the receiving jurisdiction."). Glover has provided no persuasive basis for the Court to reconsider its prior order. Nor has he shown any new law in which the Court has authority to direct Glover to be transferred to a federal facility. Glover's request is better directed to the Bureau of Prisons, which has "exclusive authority to determine when a federal sentence shall begin and where the federal sentence shall be served." *United States v. Hunter*, No. 2:06-cr-81-FtM-29DNF, 2012 WL 4051954, at *2 (M.D. Fla. Sept. 13, 2012).

Accordingly, it is now

**ORDERED:**

Defendant Thurnal Glover, Jr.'s Renewed Motion for Transfer (Doc. 123) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida on this 26th day of August 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record