UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FOR MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                      CASE NO.: 2:16-cr-104-FTM-38NPM

THURNAL GLOVER, JR.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Thurnal Glover, Jr.'s Second Motion to Address Sentence (Doc. 138) and the Government's response (Doc. 140). For the below reasons, the Court grants in part and denies in part the motion.

The starting point is Defendant's 2015 state conviction for felony battery that got him thirty months' probation. (Doc. 91 at 11; Doc. 140-1 at 1). Probation did not go well, as he violated it three times. The third violation is relevant here. His federal crimes in this case—conspiracy to commit armed bank robbery and armed bank robbery—prompted the third violation of probation ("VOP").

Defendant was arrested for the VOP on August 31, 2016. Two weeks later, a federal grand jury indicted him here. (Doc. 1). Because Defendant was in state custody when indicted, this Court issued a Writ of Habeas Corpus Ad

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Prosequendum for him. (Doc. 8). Defendant then pleaded guilty to both counts and he was sentenced on May 8, 2017. The Court sentenced him to 90 months' imprisonment. (Doc. 99; Doc. 100). After sentencing, Defendant was returned to state custody.

A month later, the state court sentenced Defendant to sixty months' imprisonment for the VOP. That sentence was to run "Concurrent with Federal Sentence." (Doc. 140-1 at 3-4). The state court also credited Defendant 555 days "for time incarcerated before imposition of this sentence." (Doc. 140-1 at 4). Defendant finished the state sentence on April 22, 2020 and was then sent to the federal Bureau of Prisons ("BOP") to begin his sentence for this case. His projected release date is September 11, 2026. (Doc. 140 at 3). But Defendant wants out sooner.

Defendant wishes his federal sentence to run concurrently with the VOP sentence. But the BOP is running those sentences consecutively because the Judgment is silent on the matter. (Doc. 100). And the BOP construes such silence to mean consecutively. *See* 18 U.S.C. § 3584 ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); *Setster v. United States*, 566 U.S. 231, 237 (2012) (holding a district court may order a defendant's federal sentence run consecutively to his anticipated state sentence for a probation violation).

2

Defendant has also launched administrative proceedings with the BOP, requesting the agency to run the federal and VOP sentences concurrently. The BOP, in turn, has written to the Court for guidance. Defendant also seeks the Court's clarification on the interplay between the federal and VOP sentences through his instant motion.

After reviewing the record and applicable law, the Court clarifies its continued intent to run the federal and VOP sentences consecutively. The Court sentenced Defendant to 90 months' imprisonment for his bank robbery crimes. It believed then, as it does now, that the sentence was sufficient but not greater than necessary to achieve the purposes of sentencing. The Court also fashioned that sentence based on the information available at sentencing. And no party argued that the federal and then-future VOP sentences should run concurrently. Nor does Defendant now present any legal argument for concurrent sentences.

What is more, Defendant first committed the state crime of felony battery. And while on probation for that offense, he committed new unrelated crimes that landed him in federal court. The Court takes seriously Defendant's clear disrespect for federal and state laws. To retroactively run the sentences concurrently goes against affording adequate deterrence to Defendant's criminal conduct, protecting the public from his future crimes, and providing just punishment for this offense.

At bottom, the Court intended Defendant to serve 90 months for his federal crimes despite any future sentence for violating his state probation. The Court thus stands by its Judgment as originally imposed.

Accordingly, it is now

**ORDERED:**

Defendant Thurnal Glover, Jr.'s Second Motion to Address Sentence (Doc. 138) is **GRANTED in part and DENIED in part**. The Court grants the motion to the extent that it has addressed his federal sentence but denies any request to modify the Judgment.

**DONE AND ORDERED** in Fort Myers, Florida on December 4, 2020.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:    Counsel of Record

Marcus Boudreaux
Correctional Programs Specialist
United States Department of Justice
Federal Bureau of Prisons
Designation and Sentence Computation Center
U.S. Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prairie, Texas 75051