UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                 CASE NO: 2:16-cr-104-SPC-NPM

THURNAL GLOVER

_____/

## **ORDER**

Before the Court are Defendant Thurnal Glover's *pro se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 154), the United States Probation Office's Memorandum (Doc. 157), Defendant's Opposed Motion for Sentence Reduction Under Amendment 821 (Doc. 159), the United States's response (Doc. 162), and Defendant's reply (Doc. 165). Defendant is serving a 90-month sentence for conspiracy to commit armed bank robbery and armed bank robbery. Defendant is eligible, however, for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Part A of Amendment 821.

It used to be that a defendant who committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status received two extra criminal history points. But Part A of Amendment 821 has changed that procedure. Now defendants can move to eliminate the extra points if they meet three criteria: (1) the defendant was assessed two status points under § 4A1.1(d) (now § 4A1.1(e)) and would no longer be assessed status points

under the amended guideline; (2) the reduction of status points would reduce the defendant's criminal history category and result in a lower guideline range; and (3) the defendant received a higher sentence than the minimum of the amended guideline range. Probation's memorandum says Defendant meets all three, and a record review confirms so.

The Court originally calculated Defendant's total offense level to be 25 and his criminal history category to be IV, translating to an advisory guideline range of 84 to 105 months. The Court sentenced Defendant to 90 months' imprisonment—60 months as to count one and 90 months as to count two, to run concurrently.

Under the amended guidelines, Defendant's criminal history is III (the total offense level remains unchanged). The new criminal history category would render an advisory guideline range of 70 to 87 months.

Defendant asks the Court to sentence him to the low end of the amended guideline range—70 months of imprisonment. (Doc. 159 at 4). Citing the 18 U.S.C. § 3553(a) factors, Defendant emphasizes that while in prison, he has only received two disciplinary reports for fighting in over seven years, has taken over 59 hours of educational and vocational programing, and has earned his GED. (*Id.* at 5). In his reply, Defendant argues that the Court should reject the Government's contention that he is still a danger to the community based on offenses he committed before this armed robbery. (Doc. 165 at 1).

By contrast, the Government recommends that the Court should exercise its discretion and deny the motions. (Doc. 162 at 4). It argues that Defendant is a danger to the community, highlighting that he accumulated five criminal history points by age 20, has committed three armed robberies, and created a substantial risk of serious bodily injury to others by fleeing from law enforcement officers. He has never successfully completed probation without violating the terms of his conditions. The Government views Defendant's conduct in prison poorly, arguing he has not been "a model inmate." (*Id.* at 5). It emphasizes that fighting is "violent, prohibited conduct," which shows Defendant remains a risk to the public. (*Id.*)

After considering Probation's Memorandum and the parties' recommendations against the record and applicable law, the Court exercises its discretion to deny a reduction. The Court's discretion is guided by the sentencing factors in § 3553(a), which militate against a reduction.

First, the Court addresses the nature and circumstances of the offense. Defendant, along with his two co-conspirators, stole almost $20,000 from a Chase Bank by force. The use of weapons[1] to commit these crimes jeopardized the lives of the bank tellers. And Defendant's crimes didn't end there. He fled law enforcement, prompting a two-mile high-speed pursuit. The vehicle's

---

[1] Defendant's co-defendants robbed the bank with BB or air guns, while Defendant stayed in the vestibule and only went into the bank to tell his co-defendants they had to leave. (Doc. 165 at 2).

3

driver lost control and crashed in a vacant lot. The vehicle's occupants fled on foot and were tracked by police canines until they were ultimately found. The Court concludes that the § 3553 factors concerning the circumstances of this offense and the need to protect the public from future offenses weigh against a sentence reduction. Defendant's crimes were violent, and his decision to flee law enforcement compounded the already grave risk to the public.

Moreover, the Court agrees with the Government's characterization of Defendant's conduct while in prison. The Court commends Defendant's achievement in obtaining his GED and taking other courses in prison. But while two infractions for fighting may not seem like much, they certainly do not demonstrate the respect for the law contemplated in § 3553(a)(2). To the extent Defendant argues the Court should not consider his prior offenses—committed when he was 20 and younger (Doc. 165)—the Court need not even consider those offenses to reach the same decision.

Finally, the Court originally gave Defendant a mid-guideline range sentence and finds that his 90-month sentence remains sufficient, but not greater than necessary, to comply with the purposes of sentencing. The Court thus denies Defendant's motions.

Accordingly, it is

**ORDERED**:

1. Defendant Thurnal Glover's *pro se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 154) is **DENIED**.

2. Defendant Thurnal Glover's Opposed Motion for Sentence Reduction Under Amendment 821 (Doc. 159) is **DENIED**.

**DONE and ORDERED** in Fort Myers, Florida on December 11, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record